PHILLIP A. TALBERT
United States Attorney
DAVID W. SPENCER
EMILY G. SAUVAGEAU
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RAMON GONZALEZ,<br><br>Defendant. | CASE NO. 2:24-CR-0021-WBS<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |

## I.  STIPULATION

1.      Plaintiff United States of America, by and through its counsel of record, and defendant Jesus Ramon Gonzalez, by and through his respective counsel of record ("Defendant" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3.      On February 1, 2024, the Grand Jury returned an indictment charging Defendant with conspiracy to distribute and to possess with intent to distribute heroin and methamphetamine, in

1  violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and distribution of heroin, in violation of 21

2  U.S.C. § 841(a)(1) (Count Two).

3      4.    As part of its investigation in the above-captioned case, the government is in the
4  possession of documents and other materials relating to the charges against the Defendant, and seeks to
5  provide those materials to Defense Counsel.  The government seeks to do so pursuant to its discovery
6  obligations, although some of the materials may exceed the scope of the government's discovery
7  obligations and will be produced to promote a prompt and just resolution of the case.

8      5.    The government intends to produce to Defense Counsel: (1) audio recordings, video
9  recordings, photographs, investigative reports and/or other documents that could identify law
10 enforcement undercover agents and/or confidential sources; and (2) materials containing PII and other
11 confidential information of real persons.  These real persons are third parties, co-defendants, and/or
12 witnesses to this case.  This discovery will be considered "Protected Material" as described in this
13 stipulation and order, as will any other discovery marked as Protected Material.

14     6.    The purpose of this stipulation and order is to establish the procedures that must be
15 followed by Defense Counsel, any designated employees, and any other individual who receives access
16 to any Protected Material in this case and the information therein.

17     7.    The Government shall produce the aforementioned Protected Material to Defense
18 Counsel, designating the discovery with the bates prefix, "NUNEZ_PM_."  This discovery, and any
19 subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be
20 considered Protected Material.

21     8.    All Protected Material in this case is now and will forever remain the property of the
22 Government.  It is entrusted to Defense Counsel only for purposes of representing his/her Defendant
23 during the pendency of this case.

24     9.    Defense Counsel shall not give any Protected Material to any person other than Defense
25 Counsel's staff assisting in preparation of the present case.  The term "staff" shall explicitly include only
26 attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in
27 the present matter.  The term excludes any other defendant in this matter or any other pending matter
28 against the Defendant; any person involved in any case in which discovery concerning the Defendant is

produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

10. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

11. No members of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

12. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case.  If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

13. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given.  Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it.  If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

14. Defense Counsel may use the Protected Material in the defense of Defendant in the instant case in any manner deemed essential to adequately represent him (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

15. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation

and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

16. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Material. Defense Counsel and authorized members of his/her staff, however, are prohibited from in any way giving Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material. This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

Respectfully Submitted,

Dated:  June 20, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ EMILY G. SAUVAGEAU
EMILY G. SAUVAGEAU
Assistant United States Attorney

Dated:  June 20, 2024

/s/ MICHAEL HEUMANN
MICHAEL HEUMANN
Counsel for Defendant
Jesus Ramon Gonzalez

[~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 20th day of June, 2024.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE