UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESUS RAMON GONZALEZ,

Defendant.

No. 2:24-cr-0021 WBS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

----oo0oo----

Defendant has pleaded guilty to conspiracy to distribute and to possess with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Change of Plea Hr'g (Docket No. 108).) He now moves the court to reconsider its order detaining him pending sentencing, arguing that exceptional circumstances justify his release. (Mot. (Docket No. 111).) Although the government did not voice a position regarding detention at the change of plea hearing, it has filed an opposition to the pending motion. (Opp'n (Docket

No. 113).)

Generally, a defendant convicted of a drug offense carrying a maximum term of ten years or more must be detained pending sentencing. 18 U.S.C. § 3143(a)(2). Congress adopted this rule in the Mandatory Detention for Offenders Convicted of Serious Crimes Act, which made detention the default for sufficiently serious offenses.[1] Pub. L. No. 101-647, tit. IX, 104 Stat. 4826 (1990).

However, a defendant ordinarily subject to mandatory detention may be released if two criteria are met.[2] First, the court must "find[] by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 46(c). Second, the defendant must clearly show "exceptional reasons" why his detention would be inappropriate. 18 U.S.C. § 3145(c); see United States v. Garcia, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003) (holding that a district court may apply § 3145(c) in the first instance); see also id. at 1015 n.2 (holding that same principles that govern release pending appeal

---

[1] For context, the Act's House sponsor explained the concerns animating its enactment this way: "There is almost never a good reason for letting someone already convicted of a violent crime or serious drug trafficking offense back on the street. . . . There is no presumption of innocence once a defendant has been convicted, so the law should not allow a convicted criminal to enjoy the privileges of an innocent man." 136 Cong. Rec. 3465 (1990).

[2] A defendant awaiting sentencing may also be released under certain criteria in 18 U.S.C. § 3143(a)(2). Defendant, however, does not argue for his release under that provision.

also govern release pending sentencing).[3] The "exceptional reasons" inquiry requires "examin[ing] the totality of the circumstances" to "determine whether, due to any truly unusual factors or combination of factors," the defendant's incarceration would be unreasonable. Garcia, 340 F.3d at 1019. "The general rule," however, "must remain that conviction for a covered offense entails immediate incarceration." Id. at 1022; see also United States v. Has The Pipe, No. CR-08-344-E-BLW, 2010 WL 2265764, at *5 (D. Idaho June 4, 2010) ("'Numerous common circumstances alone' do not constitute exceptional reasons." (quoting United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003))).

Based on defendant's compliance with his travel conditions and his acceptance of responsibility, the court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. His motion therefore turns on whether he has clearly shown exceptional reasons why his detention would not be appropriate.

Garcia listed several factors that, "alone or in combination," may amount to exceptional reasons. 340 F.3d at 1019-21. These include whether the defendant's criminal conduct was "aberrational"; whether he "led an exemplary life" before his offense and "would be likely to continue to contribute to society

---

[3] It would appear that Garcia's holding that district courts may conduct the "exceptional circumstances" inquiry was questionably grounded in the statutory text. The provision is in a subsection with the heading "Appeal from a release or detention order," and it follows two sentences addressing appellate courts, not the trial courts. See 18 U.S.C. § 3145. Nonetheless, this court is bound by Ninth Circuit precedent.

significantly" if released; whether the circumstances of his offense were "highly unusual"; whether his sentence is likely to be short; and whether he has been "unusually cooperative with the government." Id.

Defendant invokes each of these factors. He contends that his conduct was aberrational in that he committed only one drug transaction and has no prior convictions. (Mot. at 4.) Letters from his family and employers, he argues, show that the crime was a one-time lapse by an otherwise law-abiding person. (Id. at 4-5.) On largely the same facts, he argues that he led an exemplary life before the offense. (Id. at 5.) He also contends that the crime itself was exceptional because he transported only one package of heroin and the government stipulated that he was substantially less culpable than the average participant. (Id. at 6 (citing Plea Agreement at 7 (Docket No. 106)).)

In the court's experience, defendant's situation is typical for a low-level Controlled Substances Act offender. See United States v. Bararia, No. 2:12-CR-00236-JAD, 2014 WL 5156805, at *3 (D. Nev. Oct. 14, 2014) (finding similar circumstances unexceptional for first-time drug offender). The court also gives little weight to the allegedly aberrational nature of defendant's offense and his exemplary life before it. Most first-time offenders can point to the same considerations, and treating them as exceptional would make release the norm for that group, contrary to what Congress prescribed in the Mandatory

Detention for Offenders Convicted of Serious Crimes Act.[4] See United States v. Lea, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination.").

Defendant's remaining arguments carry little weight in support of release. He argues that he qualifies for the "safety valve" under U.S.S.G. § 5C1.2 and predicts a Guidelines range of 18 to 24 months, far below the ten-year mandatory minimum. (Mot. at 6.) The brevity of this predicted sentence, he contends, is "a proxy for the seriousness of the crime." (Id. at 7 (quoting Garcia, 340 F.3d at 1019).) But Garcia recognized that the maximum sentence may also bear on the offense's seriousness. 340 F.3d at 1019. Defendant's maximum sentence is life imprisonment. 21 U.S.C. § 841(b)(1)(A) (flush language). Congress, moreover, deemed defendant's crime serious enough to be subject to mandatory detention. See 18 U.S.C. § 3143(a)(2). The court will not second-guess that judgment. As the government argues, defendant's points about his likely sentence are "essentially a preview of his sentencing memorandum." (Opp'n at 3.) The court will consider them at sentencing.

Finally, defendant argues that he was cooperative with the government, pointing to three facts: (1) he appeared for arraignment; (2) the court allowed him to attend his mother's

[4] At oral argument, defendant also asserted that he needed time to put his domestic affairs in order before serving his sentence. That reason, too, is unexceptional. As the time to serve their sentence nears, most defendants could make the same argument. The time for defendants to put their affairs in order is before entering a plea.

funeral in Mexico, and he complied with all travel conditions; and (3) the government has agreed to a three-level reduction for acceptance of responsibility. (Id.) These circumstances, however, are not exceptional; they are the norm. See United States v. Wilson, No. 3:15-cr-02838-GPC, 2018 WL 295970, at *5 (S.D. Cal. Jan. 4, 2018) (holding that "adherence to conditions of release [is] the norm and cannot serve as an 'exceptional reason'"); United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (holding that it is expected, not exceptional, for defendants to appear in court, obey pretrial release conditions, and cooperate with criminal investigations). Accordingly, defendant has not shown that he should be released pending sentencing.

IT IS THEREFORE ORDERED that defendant Jesus Ramon Gonzalez's motion for reconsideration (Docket No. 111) be, and the same hereby is, DENIED.

Dated: November 2, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE